UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
SAMUEL SAUNDERS,

                            Petitioner,                  10-CV-5896 (CS) (LMS)

      - against -                            **ORDER**
                                              **ADOPTING REPORT**
THOMAS L. LAVALLEY, Superintendent,      **AND RECOMMENDATION**

                            Respondent.
-------------------------------------------------------------------x

Seibel, J.

      Before the Court is the Report and Recommendation of Magistrate Judge Lisa Margaret Smith dated May 16, 2014 (the "R&R"), in which she recommends that Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, (Doc. 1), be denied.

      A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific," "written," and submitted "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *accord* 28 U.S.C. § 636(b)(1)(C).

      Insofar as a report and recommendation deals with a dispositive matter, a district court must conduct a *de novo* review of those portions of the report or specified proposed findings or recommendations to which timely objections are made. 28 U.S.C. § 636(b)(1)(C); *see* Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."). The district court may adopt those portions of a report and recommendation to which no timely

objections have been made, provided no clear error is apparent from the face of the record.  *See Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); Fed. R. Civ. P. 72 advisory committee's note (b).

No objections to the R&R have been filed, and my review of the R&R reveals no error, clear or otherwise, in its analysis.[1]  Accordingly, I adopt the R&R as the decision of the Court.  The Petition is dismissed.  The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

Dated: June 10, 2014
       White Plains, New York

                                        *Cathy Seibel*
                                      CATHY SEIBEL, U.S.D.J.

---

[1] The statement on page 4 of the R&R that a search of the garbage shed of Petitioner's apartment complex occurred on June 5, 2007, appears to be a typographical error.  Page 10 describes statements made about that search during the course of Petitioner's interrogation on January 6, 2007, so the search must have taken place on January (not June) 5, 2007.